**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA E. FLORES,**

         **Plaintiff,**

**-vs-**                                 **Case No. 6:05-cv-1794-Orl-22DAB**

**99 CENT SUPER CENTER, LLC, and**
**YAACOB C. ELHARAR,**

         **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 38)**
>
> **FILED:** **June 5, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act ( the "FLSA"). Following service of the Complaint and the filing of an Answer, the District Court issued an Order to Show Cause to Defendants for failure to comply with the Court's Order regarding Verified Summary of Hours (Doc. No. 25). On April 20, 2006, counsel for Defendants filed a Response to Order to Show Cause advising that counsel had been unable to contact Defendants to obtain a verified summary of hours worked by Plaintiff. On April 25, 2006,

the Court entered an Order instructing the Clerk to strike Defendants' Answer and enter a Default as to 99 Cent Supercenter LLC, and Yaacob C. Elharar (Doc. Nos. 28 and 29). This motion eventually followed.

Plaintiff seeks a default judgment against the Defendants, in the amounts of $848.00 for violation of the minimum wage provision, $624.00 in unpaid overtime, and $624.00 as liquidated damages, for a total of $2,096.00 on the FLSA claim. In addition, Plaintiff also seeks a judgment against the defendants for $1,733.00 for attorney's fees, and $305.00 for costs. It is **respectfully recommended** that the motion be **granted**, as set forth herein.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, the Complaint asserts that the corporate defendant was Plaintiff's employer and Yaacob C. Elharar was a statutory employer, pursuant to the FLSA. The Complaint asserts that Plaintiff worked from September 2004 to November 2004, and received less than the minimum wage during that time. It is also alleged that she worked "numerous weeks" of overtime, but was not paid at the appropriate rate for those hours, and that Defendants willfully violated FLSA. In Affidavit, Plaintiff states that she kept track of her time and was to be compensated at a rate of $6.50 per hour

for straight hours and time and a half ($9.75) per hour for overtime, but was only compensated a total of $100 per week (Doc. No. 38-2). She calculates that she is owed a total of $848.00 for 320 straight time hours, for the period of September 26, 2004 through November 6, 2004.[1] She also calculates that she worked 64 overtime hours, for which she was not compensated at all, and thus is owed $624.00 for unpaid overtime, plus a like amount for liquidated damages. Defendants have responded to the motion by filing a paper indicating that they have decided not to file a memorandum of law in opposition to the motion (Doc. No. 39). As stated above, by virtue of the default and Plaintiff's uncontested Affidavit, Defendants are liable for these amounts.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). The fee, however, must still be reasonable.

Here, Plaintiff seeks an award of $1,733.00 in attorney's fees (calculated as 9.4 hours of attorney time at the rate of $150 per hour and 3.4 hours of paralegal time at a rate of $95.00 per hour) and costs in the amount of $305.00. Although the motion and supporting affidavit do not set forth the experience of the attorney, the Court is familiar with the Plaintiff's firm and the hourly rate and hours

---

[1] This calculation is not broken down for the Court, which normally would result in a recommendation that the motion be denied, without prejudice to renew upon appropriate explanation as to how the calculations were rendered. Here, however, Defendants have responded to the motion and have not contested the total claimed.

charged here are well within reasonable for this type of litigation. An award in the total amount sought is recommended.

As for costs, Plaintiff seeks to recover the cost of the filing fee and service of process costs. The preferred method of obtaining a costs judgment is to file a Bill of Costs, as set forth in the federal rules. Should the Court be inclined to award a costs judgment here, as part of the judgment for damages and attorney's fees, the amounts sought are reasonable and allowable by statute.

For the reasons set forth above, the Court **respectfully recommends** that the motion be **granted,** and judgment be entered in Plaintiff's favor for damages in the amount of $2,096.00 ($624.00 in unpaid overtime, plus $624.00 in liquidated damages, plus $848.00 in unpaid minimum wages), and attorney's fees in the amount of $1,733.00, and costs of $305.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 26, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy